IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIE D. BRAXTON,<br>Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. H-04-1949 |
| NATHANIEL QUARTERMAN,<br>Respondent. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Willie D. Braxton, a state inmate proceeding *pro se* and *in forma pauperis*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging his state felony conviction for attempted sexual assault. Respondent filed a motion for summary judgment (Docket Entry No. 16), to which petitioner responded (Docket Entry No. 17).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this action as barred by limitations.

## I. PROCEDURAL BACKGROUND

Petitioner pleaded guilty to attempted sexual assault under cause number 9414874 in the 185th District Court of Harris County, Texas. The trial court deferred adjudication and placed petitioner on community supervision for ten years on February 13, 1995. Petitioner filed an application for state habeas relief in January, 1996, but did not seek direct appeal at that time. The habeas application was denied without a written order on July 13, 1996. The trial court subsequently adjudicated petitioner's guilt and sentenced him to life imprisonment

on March 26, 1998. His direct appeal was dismissed by the state appellate court for lack of jurisdiction on October 12, 2000. No petition for discretionary review was filed.

On August 11, 2003, petitioner filed another application for state habeas relief, which was denied without a written order on August 17, 2005. *Ex parte Braxton*, No. 30,420-02.

Petitioner filed the instant federal petition on May 7, 2004, raising the following issues for habeas relief:

(1) ineffective assistance of trial and appellate counsel;

(2) a void conviction;

(3) the trial court unreasonably denied his request to withdraw his guilty plea; and

(4) the trial and appeal were based on unreasonable applications of state and federal law.

Respondent argues that these grounds are barred by limitations.

## II. LIMITATIONS

Respondent argues that petitioner's petition for habeas relief is barred by the one-year statute of limitations. The pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

2

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(2).

Petitioner's habeas issues fall into two groups: those arising from the 1995 guilty plea and deferred adjudication proceedings, and those arising from the 1998 adjudication and sentencing proceedings.

### A. The 1995 Proceedings

Because petitioner challenges a state court judgement, the statute of limitations for federal habeas review began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Contrary to petitioner's arguments, an order of deferred adjudication in

Texas is a final judgment that triggers the AEDPA one-year statute of limitations. *See Caldwell v. Dretke*, 429 F.3d 521, 528 (5th Cir. 2005). Because petitioner was placed on community supervision on February 13, 1995, and did not seek direct appeal, the order of deferred adjudication became final thirty days later on or about March 15, 1995. As this was prior to AEDPA's effective date of April 24, 1996, petitioner had until April 24, 1997 to file a federal habeas petition. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). The instant petition, filed on May 7, 2004, is untimely and petitioner's claims regarding his 1995 guilty plea and order for community supervision are barred by limitations unless a statutory or equitable tolling exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending shall not be counted toward the limitations period. *Artuz v. Bennett*, 531 U.S. 4 (2000). Petitioner's first habeas petition was filed on January 4, 1996 and denied on July 13, 1996. Any tolling of the prescriptive period by the 1996 state habeas proceeding clearly did not extend to 2004 when the instant petition was filed. No grounds are shown for application of 28 U.S.C. §§ 2252(d)(1)(B), (C), or (D), and there is no statutory basis to save petitioner's untimely petition.

The Supreme Court has never addressed squarely the question whether equitable tolling is applicable to AEDPA's statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 n. 8 (2005). Because respondent assumes that equitable tolling applies and because petitioner is not entitled to equitable tolling under any standard, application of the principle

4

will be assumed for purposes of this case. Although petitioner does not expressly request application of equitable tolling, he states in his response to the motion for summary judgment that because he was not notified of the denial of his state habeas application on July 13, 1996, he "was thereby prevented by circumstance[s] to pursue his state claims into the federal habeas court via habeas corpus 2254." (Docket Entry No. 17, p. 4.)

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace*, 544 U.S. at 418. Even assuming that petitioner was not immediately notified of his habeas denial, he provides no further information, shows no extraordinary circumstance, and fails to show he diligently pursued his legal rights. Petitioner offers no justification for his delay, and none appears in the record. The instant petition, insofar as it challenges the 1995 proceedings, will be dismissed as time-barred.

**B.     The 1998 Proceedings**

On March 26, 1998, the state court denied petitioner's motion to withdraw his guilty plea, revoked petitioner's community supervision, adjudicated his guilt, and sentenced him to life imprisonment. Petitioner's direct appeal of these proceedings was dismissed for lack of jurisdiction on October 12, 2000. *Braxton v. State*, No. 14-98-00450-CR (Tex. App. – Houston [14th Dist.] 2000, no pet.). For purposes of these issues, the conviction became final thirty days later on or about November 11, 2000, and the one-year limitation expired on or about November 11, 2001.

Petitioner did not file his post-conviction state habeas application challenging the 1998 proceedings until August 11, 2003, after expiration of the statute of limitations. The state habeas application did not toll limitations, see *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), and no grounds for application of 28 U.S.C. §§ 2252(d)(1)(B), (C), or (D) are shown. Nor are grounds for application of equitable tolling shown. The instant petition is untimely and will be dismissed.

### III. CONCLUSION

The motion for summary judgment (Docket Entry No. 16) is **GRANTED**. The petition for habeas relief is **DENIED** and this case is **DISMISSED WITH PREJUDICE** as barred by limitations. Any and all pending motions are **DENIED AS MOOT**. Petitioner has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 20 day of December, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE